UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DEBORAH KAYE F.,[1] | : | Case No. 3:20-CV-325 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Deborah Kaye F. brings this case challenging the Social Security Administration's denial of her application for period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #12), Plaintiff's Reply (Doc. #13), and the administrative record. (Doc. #9).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 423(a)(1). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for Disability Insurance Benefits on February 27, 2018, alleging disability due to several impairments, including a torn ligament in the right hand; surgery on the right hand with a tendon removed from the wrist; painful arms from years of labor; tennis elbow; and chipped bones in elbow. (Doc. #9, *PageID* #228). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Jessica Inouye. Thereafter, the ALJ issued a written decision, following the sequential process set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since June 1, 2016, the alleged onset date.

Step 2: Plaintiff has the following severe impairments: left lateral epicondylitis; index finger subluxation; mild carpal tunnel syndrome in the left upper extremity; moderate carpal tunnel syndrome in the right upper extremity.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes, or scaffolds; frequently crawl; frequently handle/grip, finger, and feel with the right upper extremity; frequently finger with the left upper extremity; push and pull frequently with the left upper extremity; avoid all hazards including unprotected heights."

> Plaintiff is capable of performing past relevant work as a cosmetologist as this work does not require the performance of work-related activities precluded by her RFC.

(Doc. #9, *PageID* #s 115-120). Based on these findings, the ALJ concluded that Plaintiff was not under benefits-qualifying disability. *Id.* at 120.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #9, *PageID* #s 115-120), Plaintiff's Statement of Errors (Doc. #10), and the Commissioner's Memorandum in Opposition (Doc. #12). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff]

of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III.  Discussion

In her Statement of Errors, Plaintiff raises one assignment of error, which is that ALJ Inouye erred by failing to adequately develop the record with opinion evidence as to Plaintiff's residual functional capacity (RFC) during the relevant period. (Doc. #10).

In response, the Commissioner contends that ALJ Inouye acknowledged Plaintiff's severe impairments and accounted for any limitations that they would cause by limiting Plaintiff to a reduced range of light work. (Doc. #15). The Commissioner further maintains that the ALJ's decision is supported by substantial evidence. *Id*.

It is well-settled that the plaintiff bears the ultimate burden of proof as to the existence and severity of the limitations caused by her impairments. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007). It is equally accepted, however, that it is the ALJ who bears the burden to develop the administrative record upon which his decision rests. *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). This duty arises because "[s]ocial security proceedings—unlike judicial ones—are inquisitorial, not adversarial." *Chester v. Comm'r of Soc. Sec.*, No. 11-1535, 2013 WL 1122571, at *8 (E.D. Mich. Feb. 25, 2013); *see also, Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate facts and develop the arguments both for and against granting benefits.").

Further, while there is "no bright line test" for determining whether the ALJ has failed to fully develop the record, *Lashley*, 708 F.2d at 1052, matters are subject to remand if the "ALJ

makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that did not include consideration of a critical body of objective medical evidence." *Kizys v. Comm'r of Soc. Sec.*, No. 3:10 CV 25, 2011 WL 5024866, at *1–3 (N.D. Ohio Oct. 21, 2011); *see also Colaner v. Comm'r of Soc. Sec.*, No. 12-CV-00716, 2013 WL 5487037, at *4 (S.D. Ohio Sept. 30, 2013) (Marbley, D.J.) ("Where, as here, an ALJ determines a plaintiff's RFC based on no medical opinion evidence, and instead interprets, on his own, 'raw medical data,' the Court cannot find that there exists substantial evidence to support the ALJ's determination."). Under these circumstances, the ALJ's obligation to develop the record may be satisfied, without obtaining additional evidence, if the evidence involves "relatively little physical impairment" such that the ALJ can render "a commonsense judgement about functional capacity." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008). This, however, would only apply in a "limited" number of cases "when the medical evidence is so clear, and so undisputed, that an ALJ would be justified in drawing functional capacity conclusions from such evidence without the assistance of a current medical source." *Harris v. Comm'r of Soc. Sec.*, No. 15-10966, 2016 WL 8114128, at *10 (E.D. Mich. Mar. 2, 2016), *report and recommendation adopted sub nom.*, No. 15-CV-10966, 2016 WL 2848422 (E.D. Mich. May 16, 2016) (citations omitted).

In all other cases, the ALJ must fulfill her obligation to develop a complete record by utilizing the tools provided in the regulations for ordering additional opinion evidence, such as "recontact[ing] the treating source, order[ing] a consultative examination, or hav[ing] a medical expert testify at the hearing." *Deskin*, 605 F. Supp. 2d 908 at 912. At base, the "key inquiry" in these circumstances is whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts." *Bryant v. Comm'r of Soc. Sec.*, No. 3:15-CV-354,

2017 WL 489746, at *3–5 (S.D. Ohio Feb. 7, 2017) (Newman, M.J.) (quotation marks and citation omitted), *report and recommendation adopted sub nom.*, No. 3:15-CV-354, 2017 WL 713564 (S.D. Ohio Feb. 22, 2017) (Rice, D.J.).

In this case, there are only two medical opinions concerning Plaintiff's physical RFC. (Doc. #9, *PageID* #119). Stephen Sutherland, M.D. and Gerald Klyop, M.D., two non-examining state agency physicians, reviewed Plaintiff's files and authored opinions in April and July 2018, respectively. (Doc. #9, *PageID* #s 87-94, 99-105). Both physicians considered Plaintiff's impairments of dysfunction in her major joints and opined that she could occasionally lift and/or carry fifty pounds and frequently lift and/or carry twenty-five pounds. (Doc. #9, *PageID* #s 92, 103). They also concluded that she could only stand and/or walk for a total of six hours; sit for a total of six hours; never climb ladders, ropes, or scaffolds; frequently crawl; limited to frequent fine manipulation with the right finger; avoid all exposure to hazards; and no unprotected heights. *Id.* at 92-94, 103-04.

In reviewing these opinions, ALJ Inouye found that they were "not the most persuasive indicator of the most [Plaintiff] could do." (Doc. #9, *PageID* #119). In support, the ALJ explained that their opined limitations do not "demonstrate a well-reasoned representation of [Plaintiff's] ability to perform basic work activity." *Id*. She acknowledged that while Plaintiff's medical treatment had been limited, "she has consistently reported pain in her hand and arms which would be expected to affect her ability to perform medium work." *Id*. ALJ Inouye also pointed out that the record contained an additional EMG/NCV study, which confirmed the presence of carpal tunnel syndrome and was not reviewed by Drs. Sutherland and Klyop. *Id.*

6

Here, Plaintiff does not dispute the weight the ALJ attributed to these opinions but, instead, disputes the ALJ's decisions to review the remaining medical evidence of record without the aid of a medical opinion and to formulate an RFC on that basis. (*See* Doc. #10, *PageID* #s 467-470). Indeed, the record reflects that Plaintiff submitted additional medical records extending through May 2019, for which there is no medical opinion. (*See* Doc. #9, *PageID* #s 400-455). Significantly, this evidence included numerous examinations with abnormal findings and reports of worsening symptoms; reports of imaging of her index finger documenting "joint subluxation with evidence of arthrosis including joint space narrowing, subchondral sclerosis and cyst formation[;]" reports of imaging of her elbow showing "signs of sclerosis[;]" an EMG/NCV reporting mild to moderate neuropathy and a diagnosis of carpal tunnel syndrome; and a statement from her doctor regarding a concern that there is a "component of cervical pathology contributing to her problems" given "her lack of any response to typical treatments including steroid injections, bracing, therapy." *See id*. In short, these medical records and diagnostic tests appear to demonstrate a worsening of Plaintiff's condition and have not been reviewed by any medical source of record. Accordingly, further development of the record is necessary. *Kizys*, 2011 WL 5024866, at *2; *see also Banks v. Comm'r of Soc. Sec.*, No. 3:19-CV-307, 2020 WL 5757173, at *3 (S.D. Ohio Sept. 28, 2020) (Newman, D.J.) (remanding claim when none of the medical sources reviewed two MRI reports suggesting a worsening of the plaintiff's condition.).

Further, this is not a case where the evidence "shows relatively little physical impairment" such that ALJ Inouye was able to make a "commonsense judgment" about Plaintiff's functional capacity without the assistance of a medical opinion. *See Deskin*, 605 F. Supp. 2d at 912. On the contrary, the additional medical records submitted by Plaintiff primarily involve treatment for her

7

index finger subluxation and carpal tunnel syndrome in her right and left upper extremities, of which ALJ Inouye herself found to constitute severe impairments. (Doc. #9, *PageID* #s 115-16). Instead, ALJ Inouye proceeded, without the aid of a medical opinion, to review this medical evidence, including the EMG/NCV, and determine that it supported a finding that Plaintiff could "frequently handle/grip, finger, and feel with the right upper extremity and she could frequently finger with the left upper extremity." *Id*. at 119. This determination, however, was not hers to make. While it is the function of the ALJ to ultimately assess a plaintiff's RFC, it is the function of a medical expert to interpret these types of raw medical data "in terms that the ALJ, who is not a medical professional, may understand[.]" *Griffin v. Astrue*, No. 3:07-cv-447, 2009 WL 633043, at *10 (S.D. Ohio Mar. 6, 2009) (Rose, D.J.). Therefore, despite the fact that it is generally up to the discretion of the ALJ as to whether to call an expert to testify, the Court may overturn that discretion where, as here, "it appears that the use of a medical consultant was necessary -- rather than simply helpful -- in order to allow the ALJ to make a proper decision." *Young v. Comm'r of Soc. Sec.,* No. 2:10-CV-960, 2011 WL 2923695, at *6 (S.D. Ohio June 20, 2011) (Kemp, M.J.), *report and recommendation adopted,* No. 2:10-CV-960, 2011 WL 2942983 (S.D. Ohio July 20, 2011) (Frost, D.J.) (internal citations omitted).

Simply put, while Plaintiff's examinations, imaging reports, EMG/NCV results, and diagnostic records "may appear minimal to the lay person, the ALJ was not qualified to translate this medical data into functional capacity determinations." *Mabra v. Comm'r of Soc. Sec.,* No. 2:11-CV-00407, 2012 WL 2319245, at *9 (S.D. Ohio June 19, 2012) (Preston Deavers, M.J.), *report and recommendation adopted*, No. 2:11-CV-00407, 2012 WL 3600127 (S.D. Ohio Aug. 21, 2012) (Sargus, D.J.). Thus, being faced with a critical body of objective medical

evidence involving Plaintiff's severe impairments, without the aid of any medical expert of record, ALJ Inouye was obligated to develop a complete record by ordering additional opinion evidence. *See Deskin*, 605 F. Supp. 2d at 912. Here, the ALJ "could have solicited the opinion of a medical expert, ordered an additional consultative exam, or sent the [EMG/NCV results], [imaging] records, and other records back to the state agency reviewing physician[s] for an updated assessment. However, no such steps were taken." *Gentry v. Comm'r of Soc. Sec.,* No. 1:17 CV 1182, 2018 WL 4305213, at *5 (N.D. Ohio Sept. 10, 2018) (internal citations and quotations omitted). Instead, ALJ Inouye based Plaintiff's RFC on her own interpretation of the raw medical data. *See id.* As a result, her RFC determination is not supported by substantial evidence.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[2]

## IV. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #10) is **GRANTED**;

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 22, 2022                                                  *s/Peter B. Silvain, Jr.*
                                                                                                       Peter B. Silvain, Jr.
                                                                                                       United States Magistrate Judge